UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MARK HOWARD, JR., <br><br> Plaintiff, <br><br> v. <br><br> MEA PORTER, et al., <br><br> Defendants. | CAUSE NO. 3:20-CV-883-JD-MGG |

OPINION AND ORDER

Mark Howard, Jr., a prisoner without a lawyer, filed a complaint alleging that Sgt. John Heater used excessive force against him and Sgt. Mea Porter refused him necessary medical care on October 20, 2019. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Around 1:00 p.m. on October 20, 2019, a riot broke out in Howard's cell house. The weapons team was called in to restore order. They began directing inmates to go to their cells. Howard did as he was told. He was standing "inside his cell watching the mayhem" when Sgt. Heater discharged a "pepperball gun" toward him, hitting him in the eye. ECF 1 at 2. Howard had difficulty breathing and seeing. Staff regained control

of the unit, and between 1:40 p.m. and 2:00 p.m., Sgt. Porter came to Howard's cell to complete an incident report and take photos of his injuries. Howard told Sgt. Porter he needed medical attention and asked if he could decontaminate his cell. His requests were denied. He was left in his cell as it was, and since then he has experienced blurred vision and PTSD.

The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.* Howard's allegations, when accepted as true, are sufficient to state a claim against Sgt. Heater for excessive force.

As for the alleged lack of medical care, the Constitution is violated only when a defendant is deliberately indifferent to an inmate's serious medical needs. *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). "[C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done

so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quotation marks, brackets, and citation omitted). Giving Howard the benefit of the inferences that he is entitled to at this stage of the case, he will be permitted to proceed against Sgt. Porter on his claim that he was denied medical care following the use of OC powder pellets on October 20, 2019.

For the foregoing reasons, the court:

(1) GRANTS Mark Howard, Jr. leave to proceed against Sergeant John Heater in his individual capacity for monetary damages for allegedly using excessive force against him on October 20, 2019, when he discharged a peppperball gun into Howard's eye while he was in his cell and had complied with all orders, in violation of the Eighth Amendment;

(2) GRANTS Mark Howard, Jr. leave to proceed against Sergeant Mea Porter in her individual capacity for monetary damages for allegedly denying Howard medical care or the ability to decontaminate himself or his cell on October 20, 2019, following the use of the pepperball gun, in violation of the Eighth Amendment;

(3) DISMISSES all other claims;

(4) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) on Sergeant John Heater and Sergeant Mea Porter at the Indiana Department of Correction with a copy of this order and the complaint (ECF 1), pursuant to 28 U.S.C. § 1915(d);

(5) ORDERS the Indiana Department of Correction to provide the United States Marshal Service with the full name, date of birth, social security number, last

employment date, work location, and last known home address of any defendant that does not waive service, if they have such information; and

(6) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Sergeant John Heater and Sergeant Mea Porter to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on November 23, 2020

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT