UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MARK B. HOWARD, JR., | |
| Plaintiff, | |
| v. | CASE NO. 3:20-CV-883-JD-MGG |
| MEA PORTER and JOHN HEATER, | |
| Defendants. | |

OPINION AND ORDER

Mark B. Howard, Jr., a prisoner without a lawyer, is proceeding in this case on Eighth Amendment claims: (1) against Sergeant John Heater for allegedly using excessive force on October 20, 2019, by discharging a pepper ball gun into Mr. Howard's eye while he was in his cell and had complied with all orders; and (2) against Sergeant Mea Porter for allegedly denying Mr. Howard medical care or the ability to decontaminate himself or his cell on October 20, 2019, following the use of the pepper ball gun. ECF 6 at 3. Sergeant Heater and Sergeant Porter have moved for summary judgment on the ground that Mr. Howard did not exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a). ECF 14. Mr. Howard filed an unsigned response,[1] the defendants filed a reply, and, with leave of court, Mr. Howard filed a surreply. ECF 20, 21, 22, 27.

---

[1] Mr. Howard filed the same unsigned response twice—once on May 17, 2021 and again on May 24, 2021 – although one copy has additional exhibits attached. ECF 20, 21. Federal Rule of Civil

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). The Seventh Circuit has taken a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Thus, "[t]o exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Id.* at 1024. Nevertheless, "[f]ailure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine

---

Procedure 11(a) requires that all filings be signed. Here, however, Mr. Howard has reiterated his position in his signed surreply, and having him remedy this deficiency would serve only to delay the proceedings.

issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). However, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). "[I]nferences relying on mere speculation or conjecture will not suffice." *Trade Fin. Partners, LLC v. AAR Corp.*, 573 F.3d 401, 407 (7th Cir. 2009). Summary judgment "is the put up or shut up moment in a lawsuit . . . ." *Springer v. Durflinger*, 518 F.3d 479, 484 (7th Cir. 2008).

The parties do not dispute that Mr. Howard's Eighth Amendment claims were grievable under the Offender Grievance Process, an administrative system established by the Indiana Department of Correction ("IDOC") to internally resolve prisoner concerns and complaints regarding their conditions of confinements. Nor do they dispute that Mr. Howard submitted a formal grievance concerning the matters at issue in this lawsuit, and that the Grievance Specialist did not accept it for filing, stating "You have submitted the form too late and have not shown any good reason for the delay. Grievance forms must be submitted within the time limits set out in Policy and Administrative Procedure 00-02-301." (Ex. A, ¶ 30; Ex. C at 3.)

If a prisoner fails to properly use the prison's grievance process, "the prison administrative authority can refuse to hear the case, and the prisoner's claim can be indefinitely unexhausted." *Dole*, 438 F.3d at 809. For an offender to properly exhaust, he

3

must comply with a prison's deadlines and other procedural rules. *See Woodford v. Ngo*, 548 U.S. 81, 90–91, 93 (2006). The Offender Grievance Process requires an offender to submit his formal grievance "no later than ten (10) business days from the date of the incident giving rise to the complaint or concern." ECF 30-1 at 9. Mr. Howard submitted his grievance on November 19, 2019, well over ten days after the October 20, 2019 incident that was the subject of his grievance and this lawsuit. ECF 14-3 at 4.

      Mr. Howard does not dispute that he did not submit his formal grievance within the ten-day deadline. Instead, he points to two informal interview requests he submitted on the day of the incident, and argues that those informal requests were timely. Mr. Howard was correct to seek informal resolution of his complaint before filing his formal grievance, as the IDOC's Grievance Process instructs offenders to do so. *See* ECF 14-2 at 8-9 ("Before filing a grievance, an offender is required to attempt to resolve a complaint informally and provide evidence (e.g., 'To/From' correspondence, State Form 36935, 'Request for Interview') of the attempt."). But nothing in the Grievance Process states that an offender may wait until receiving a response to his request for informal resolution of his complaint before submitting a formal grievance. Indeed, the rules are very clear that "[a]n offender wanting to submit a grievance on an issue that he/she has been unable to resolve informally as outlined in Section X *shall submit* a completed State Form 45471, 'Offender Grievance,' *no later than* ten (10) business days *from the date of the incident* giving rise to the complaint or concern to the Offender Grievance Specialist" *Id.* at 9 (emphasis added). Regardless of whether an offender receives a response to an informal grievance prior to the ten-day deadline, the Grievance Process allows him only

4

ten business days *from the date of the incident* in which to submit a formal grievance. The failure of prison officials to respond to Mr. Howard's informal resolution requests did not render the grievance process "unavailable" to him. Mr. Howard simply was mistaken that he needed to wait for a response before submitting his formal grievance. However, a mistake, even if made in good faith, does not excuse the exhaustion requirement. *See Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006) (holding that, "when the prisoner causes the unavailability of the grievance process by simply not filing a grievance form in a timely manner, the process is not unavailable but rather forfeited").

Mr. Howard also argues that it can be inferred that prison officials mishandled or interfered with his grievance from the fact that his grievance was not assigned a number and does not appear in the IDOC's record of grievances filed by him ("Grievance History"). But Mr. Howard's grievance was not assigned a number or entered in the Grievance History data record because the Grievance Specialist did not accept it for filing on the ground that it was untimely. As previously noted, the Grievance Specialist was justified in rejecting the grievance as untimely, and therefore, the Court cannot find from the facts cited by Mr. Howard that any wrongdoing on the part of defendants prevented Mr. Howard from exhausting his administrative remedies.

For the foregoing reasons, the defendants' motion for summary judgment (ECF 14) is GRANTED.

SO ORDERED on August 2, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT

5